**E-FILED**
Thursday, 14 October, 2004 03:55:35 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JAMES RESSEL,                          )
                                       )
        Plaintiff,                     )
                                       )
vs.                                    )    Case No. $04-2223$
                                       )
N.V.E., INC., d/b/a                    )    **JURY TRIAL DEMANDED**
NVE PHARMACEUTICALS, INC.,             )    **FILED**
                                       )
        Defendant.                     )
                                            OCT 1 4 2004

                                            JOHN M WATERS, Clerk
                                            U.S. DISTRICT COURT
                                            CENTRAL DISTRICT OF ILLINOIS

### COMPLAINT

COMES NOW, JAMES RESSEL, ("Plaintiff"), complaining of N.V.E., Inc.,

d/b/a NVE Pharmaceuticals, Inc., ("Defendant NVE") and for his cause of action

against the Defendant states as follows:

### I. PARTIES

1.    Plaintiff, James Ressel, is, at all times relevant to this Complaint, a
resident of Champaign, Illinois, Champaign County, State of Illinois.

2.    Defendant, N.V.E., Inc., d/b/a NVE Pharmaceuticals, Inc. at all
times relevant to this action, was and is a corporation or other business entity
organized and existing under the laws of the State of New Jersey.  It has done
and is doing business in the State of Illinois.  Its principal place of business is
located at 33 Newton-Sparta Road, Newton, New Jersey 07860.

### II. VENUE AND JURISDICTION

3.    Venue is proper in the United States District Court for the Central
District of Illinois in that Plaintiff is a resident of Champaign, Illinois.

4.      Defendant NVE is a company incorporated in the State of New Jersey with its principal place of business located in Newton, New Jersey.

5.      Under 28 USC 1332, this Court has jurisdiction over this matter in that there is diversity of citizenship and Plaintiff's damages exceed the jurisdictional amount required.

6.      Any and all conditions precedent to the filing of this suit have been satisfied.

### III.  FACTUAL BACKGROUND

7.      After ingesting Defendant NVE's product, Stacker 3, on or about October 16, 2002, Plaintiff, James Ressel, suffered a grand mal seizure lasting two to five minutes.  Plaintiff had been taking Stacker 3 as directed on a daily basis since on or about August, 2002.

8.      Stacker 3 had been designed, manufactured, marketed and distributed by Defendant as an "herbal dietary supplement."

9.      Defendant NVE purposefully downplayed and understated the health hazards and risks associated with Stacker 3.  In fact, through promotional literature and even testimonials from users of Stacker 3, Defendant NVE encouraged the belief that there were no serious side effects, complications and/or health hazards or risks, and that the product was safe for human consumption.

10.     Much of the truth is now known about Stacker 3 and that truth is consumption of the product involves serious risks.  Stacker 3 can raise the blood pressure, increase the heart rate, and can cause seizures, strokes, brain injury,

heart failure and sudden death. Defendant NVE did not adequately test for these potential adverse effects before promoting Stacker 3 for widespread use, but learned of these potential adverse effects before Plaintiff took Stacker 3. Instead of pulling Stacker 3 from the market, Defendant NVE kept selling the product and allowed Plaintiff to take Stacker 3 and suffer a grand mal seizure.

11.     Because of the irreversible and life-threatening side effects caused by ephedra-containing products such as Stacker 3, the federal government was prompted to hold hearings on the subject. As a result of those hearings, the FDA banned the use of ephedra in the manufacture of any dietary supplement products.

## IV.  CAUSES OF ACTION

### COUNT 1.  STRICT PRODUCTS LIABILITY – DESIGN DEFECT

12.     Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

a.     Stacker 3 is a product designed, formulated, manufactured, marketed, distributed, promoted, advertised, packaged, sold and/or supplied by this Defendant that was placed into the stream of commerce by this Defendant in a condition that was defective and unreasonably dangerous as designed taking into consideration the utility of the product and the risks involved in its use.

b.     Stacker 3 was unsafe for its intended and/or reasonably foreseeable purposes and uses at the time it was distributed, sold or supplied by Defendant because the known side effects and

adverse consequences outweighed the benefits of the product, if any. Those side effects and adverse consequences include the injuries suffered by the Plaintiff.

c.    Stacker 3 was defective because, for example, it combined ephedra extract and kola nut extract. Stacker 3 left Defendant's hands in this defective condition; and Stacker 3 reached Plaintiff in the same condition.

d.    The defective condition of Stacker 3 was a direct and producing cause of the injuries sustained by Plaintiff.

## COUNT 2.  STRICT PRODUCTS LIABILITY - MARKETING DEFECT

13.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

a.    The product was defective at the time it was placed into the stream of commerce due to a marketing defect. In the absence of adequate warnings and instructions, Stacker 3 posed unacceptable risks to Plaintiff that were unknown and unknowable to him.

b.    Stacker 3 was defective in marketing due to inadequate, false, misleading and inaccurate precautions, warnings, instructions, and/or labeling.

c.    The product was not accompanied by timely, accurate, adequate, necessary, required truthful and proper warnings, precautions, instructions and labeling regarding permanent irreversible injury associated with the use of the product and the complications,

consequences, severity, duration and potential for fatal effects of such injuries. Defendant's failure to provide adequate instructions and warnings in a sufficient manner rendered the Stacker 3 product dangerous to an extent beyond that which would be contemplated by the ordinary consumer.

d.     Instead, the detail pieces, package insert, instructions or label accompanying the product minimized and trivialized and, in fact, misled consumers regarding adverse effects associated with the product; the potential frequency, severity, and irreversibility of the harm from use of the product, and the potentially fatal consequences of taking the product.

e.     Defendant NVE failed to provide the FDA and various state agencies including the Illinois Department of Health with all the necessary and available information on the product, its contents and reports of Adverse Events in consumers.    Defendant purposefully withheld information necessary to determine the adequacy of the label and the safety and efficacy of the product.

f.     Defendant NVE implemented labeling on the Stacker 3 packaging that misrepresented the efficacy and benefits of Stacker 3 to Plaintiff.

g.     The labeling rendered the product defective in that it failed to give adequate warnings and instructions in a manner and form (1) that could reasonably be expected to catch the attention of a reasonably

prudent person in the circumstances that the product was used; (2) that were comprehensible to the average user; and (3) that conveyed a fair indication of the nature, frequency, severity and extent of the danger.

h.    The product was defective because the foreseeable and known risks exceeded the benefits claimed, suggested or truly associated with the design and formulation.  Moreover, the product was more dangerous than an ordinary consumer would expect and far more dangerous than other means of weight control.

i.    There were numerous other reliable and effective methods of controlling weight that posed less risk.

## COUNT 3.  BREACH OF WARRANTY

14.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follow:

a.    Defendant expressly and impliedly warranted that Stacker 3 was safe for its intended purpose.

b.    Defendant expressly and impliedly warranted that Stacker 3 was an all-natural product.

c.    Defendant expressly and impliedly warranted that Stacker 3 would provide energy.

d.    Defendant expressly and impliedly warranted that Stacker 3 was clinically proven safe.

e.    Defendant expressly and impliedly warranted that Stacker 3 was laboratory tested for safety.

f.    Defendant expressly and impliedly warranted that Stacker 3 would enhance your diet.

g.    Defendant expressly and impliedly warranted that Stacker 3 would increase your metabolism.

h.    Defendant expressly and impliedly warranted that Stacker 3 had no side effects.

i.    Defendant expressly and impliedly warranted that Stacker 3 would help consumers lose weight.

j.    Stacker 3 did not conform to the representations made by Defendant.

k.    At the time Defendant marketed, sold and distributed Stacker 3 for use by Plaintiff, Defendant knew of the use for which the product was intended and expressly and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

l.    Plaintiff relied upon the skill and judgment of the Defendant as to whether Stacker 3 was of merchantable quality and safe and fit for its intended sale.

m.    Contrary to such warranties, Stacker 3 is not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

n.    As a direct and proximate result of the breach of Defendant's express and implied warranties regarding the properties and quality of Stacker 3, Plaintiff suffered personal injury as described above.

### COUNT 4. NEGLIGENCE

15.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

a.    Defendant has a duty to exercise reasonable care in design, manufacture, sale or distribution of Stacker 3 into the stream of commerce, including a duty to assure that Stacker 3 did not cause users to suffer from unreasonable, dangerous side effects.  This Defendant has failed to exercise ordinary care in the manufacture, sale, testing, quality assurance, quality control or distribution of Stacker 3 into interstate commerce in that this Defendant knew or should have known that Stacker 3 created a high risk of unreasonable, dangerous side effects, some of which are fatal.

b.    Defendant was negligent in the design, manufacture, marketing, testing, and sale of Stacker 3, in that it:

i.    Failed to use due care in designing, manufacturing and marketing Stacker 3;

ii.    Failed to conduct adequate testing and post-marketing surveillance to determine the safety of Stacker 3;

iii.    Failed to provide adequate training to distributors for appropriate use of Stacker 3;

        iv.    Failed to adequately warn individuals of the potential dangerous side effects of Stacker 3;

        v.    In such other and further particulars as will be proven at trial.

c.    Despite the fact that Defendant knew or should have known that Stacker 3 caused unreasonable, dangerous side effects which many users would be unable to remedy by any means, Defendant continued to market Stacker 3 to consumers, including Plaintiff, and all others similarly situated, when there were safer alternative methods of weight loss.

d.    Defendant's failure to adhere to the appropriate standard of care was a direct and proximate cause of the injuries sustained by the Plaintiff.

## COUNT 5. DECEIT AND FRAUD

16.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein and further alleges as follows:

17.    Defendant made material misrepresentations about Stacker 3 to the general public, potential users, and Plaintiff. The label claimed that Stacker 3 was an "Herbal Dietary Supplement" and a "Metabolizing Fat Burner".

18.    Defendant also committed fraud through its omission of material facts. Defendant failed to provide anything on its labeling warning consumers that consumption of its product had the potential to cause stroke, heart attack, seizures and sudden death, even when used as directed. Defendant, as the designer, manufacturer, marketer, and seller of Stacker 3, had the duty to

disclose the potential for these adverse advents to the consumer.  The Stacker 3 labeling failed to inform the consumer that the combination of ephedra and caffeine contained in the product increased the heart rate in all human adults and had effects on the body similar to methamphetamines.  Especially since the product was not tested and regulated by the FDA, Defendant, as the designer, manufacturer, marketer, and seller of Stacker 3, had the duty to reveal this information so that consumers could make an informed decision regarding their consumption of the product.

19.    At the time the representations were made, they were false and Defendant knew they were false.

20.    Defendant intended for Plaintiff to rely upon the representations of safety and omissions of information that contradicted its safety in order to induce Plaintiff to buy and consume Stacker 3.

21.    Plaintiff reasonably relied upon such representations in deciding to use Stacker 3 and, but for such representations of safety, he would not have used Stacker 3.

22.    As a result of his reliance on Defendant's representations and omissions, Plaintiff suffered a grand mal seizure.  Had the representations of safety been made to Plaintiff and had the omitted facts been revealed to Plaintiff, he would not have taken the Stacker 3 product.

## V. DAMAGES

### COUNT 1. COMPENSATORY DAMAGES

23.     As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered physical pain and suffering, mental anguish, disability, and physical impairment. In all reasonable probability, Plaintiff will continue to suffer the same in the future. Plaintiff has incurred reasonable and necessary medical bills because of his injuries, and in all reasonable medical probability, he will continue to require medical care, and will continue to incur medical expenses, nursing care, physician fees, medical supplies, hospitalization costs, rehabilitation costs, surgical costs, and medicine, among others. Plaintiff has suffered a loss of earning capacity in the past, and in all reasonable likelihood, will continue to suffer that in the future. Plaintiff hereby brings suit to recover all damages recognized under federal law for the Defendant's negligence.

24.     The Plaintiff believes that fair compensation for his injuries would be in excess of the jurisdictional limits of the court.

### COUNT 2. EXEMPLARY AND ADDITIONAL DAMAGES

25.     The acts, omissions, breaches of warranty, or distribution/marketing of defective products, as set forth above, were committed by Defendant with a mental state constituting "malice". Such gross negligence and malice was authorized by such Defendant; ratified by such Defendant; committed by a managerial agent of such Defendant; committed by an unfit employee of such Defendant whom such Defendant was reckless in employing; and/or committed in the performance of Defendant's non-delegable duties. Such malice warrants

the imposition of exemplary damages and was the proximate and producing cause of injury to Plaintiff.

26. Plaintiff seeks exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

## VI. RELIEF REQUESTED

27. Plaintiff prays that judgment be entered against Defendant for a sum in excess of \$75,000 which will fairly and reasonably compensate him for the injuries and for such further relief as this Court deems proper.

Respectfully submitted,
SIMMONSCOOPER, LLC

Jena L. Borden, IL Bar #6274601
707 Berkshire Blvd., P.O. Box 521
East Alton, IL 62024
Tel. (618) 259-2222
Fax (618) 259-2251
Email: jborden@simmonscooper.com
ATTORNEYS FOR THE PLAINTIFF

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I.(a) PLAINTIFFS | DEFENDANTS |
|---|---|
| James Ressel | N.V.E., Inc., d/b/a NVE Pharmaceuticals, Inc. |

| **(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Champaign <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Sussex, New Jersey <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT <br> OF LAND INVOLVED |

| **(C)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| SimmonsCooper, LLC <br> 707 Berkshire Blvd., P.O. Box 521 <br> East Alton, IL 62024   (618) 259-2222 | FILED <br> OCT 1 4 2004   04-2223 <br> JOHN M. WATERS, Clerk <br> U.S. DISTRICT COURT <br> CENTRAL DISTRICT OF ILLINOIS <br> URBANA, IL |

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance <br> [ ] 120 Marine <br> [ ] 130 Miller Act <br> [ ] 140 Negotiable Instrument <br> [ ] 150 Recovery of Overpayment & Enforcement of Judgment <br> [ ] 151 Medicare Act <br> [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) <br> [ ] 153 Recovery of Overpayment of Veteran's Benefits <br> [ ] 160 Stockholders' Suits <br> [ ] 190 Other Contract <br> [ ] 195 Contract Product Liability | **PERSONAL INJURY** <br> [ ] 310 Airplane <br> [ ] 315 Airplane Product Liability <br> [ ] 320 Assault, Libel & Slander <br> [ ] 330 Federal Employers' Liability <br> [ ] 340 Marine <br> [ ] 345 Marine Product Liability <br> [ ] 350 Motor Vehicle <br> [ ] 355 Motor Vehicle Product Liability <br> [ ] 360 Other Personal Injury | **PERSONAL INJURY** <br> [ ] 362 Personal Injury - Med. Malpractice <br> [X] 365 Personal Injury - Product Liability <br> [ ] 368 Asbestos Personal Injury Product Liability <br> **PERSONAL PROPERTY** <br> [ ] 370 Other Fraud <br> [ ] 371 Truth in Lending <br> [ ] 380 Other Personal Property Damage <br> [ ] 385 Property Damage Product Liability | [ ] 610 Agriculture <br> [ ] 620 Other Food & Drug <br> [ ] 625 Drug Related Seizure of Property 21 USC 881 <br> [ ] 630 Liquor Laws <br> [ ] 640 R.R. & Truck <br> [ ] 650 Airline Regs <br> [ ] 660 Occupational Safety/Health <br> [ ] 690 Other <br><br> **LABOR** <br> [ ] 710 Fair Labor Standards Act <br> [ ] 720 Labor/Mgmt. Relations <br> [ ] 730 Labor/Mgmt. Reporting & Disclosure Act <br> [ ] 740 Railway Labor Act <br> [ ] 790 Other Labor Litigation <br> [ ] 791 Empl. Ret. Inc. Security Act | [ ] 422 Appeal 28 USC 158 <br> [ ] 423 Withdrawal 28 USC 157 <br><br> **PROPERTY RIGHTS** <br> [ ] 820 Copyrights <br> [ ] 830 Patent <br> [ ] 840 Trademark <br><br> **SOCIAL SECURITY** <br> [ ] 861 HIA (1395ff) <br> [ ] 862 Black Lung (923) <br> [ ] 863 DIWC/DIWW (405(g)) <br> [ ] 864 SSID Title XVI <br> [ ] 865 RSI (405(g)) <br><br> **FEDERAL TAX SUITS** <br> [ ] 870 Taxes (U.S. Plaintiff or Defendant) <br> [ ] 871 IRS – Third Party 26 USC 7609 | [ ] 400 State Reapportionment <br> [ ] 410 Antitrust <br> [ ] 430 Banks and Banking <br> [ ] 450 Commerce/ICC Rates/etc. <br> [ ] 460 Deportation <br> [ ] 470 Racketeer Influenced and Corrupt Organizations <br> [ ] 810 Selective Service <br> [ ] 850 Securities/Commodities/Exchange <br> [ ] 875 Customer Challenge 12 USC 3410 <br> [ ] 891 Agricultural Acts <br> [ ] 892 Economic Stabilization Act <br> [ ] 893 Environmental Matters <br> [ ] 894 Energy Allocation Act <br> [ ] 895 Freedom of Information Act <br> [ ] 900 Appeal of Fee Determination Under Equal Access to Justice <br> [ ] 950 Constitutionality of State Statutes <br> [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** <br> [ ] 210 Land Condemnation <br> [ ] 220 Foreclosure <br> [ ] 230 Rent Lease & Ejectment <br> [ ] 240 Torts to Land <br> [ ] 245 Tort Product Liability <br> [ ] 290 All Other Real Property | **CIVIL RIGHTS** <br> [ ] 441 Voting <br> [ ] 442 Employment <br> [ ] 443 Housing/Accommodations <br> [ ] 444 Welfare <br> [ ] 440 Other Civil Rights | **PRISONER** <br> [ ] 510 Motions to Vacate Sentence <br> **HABEAS CORPUS:** <br> [ ] 530 General <br> [ ] 535 Death Penalty <br> [ ] 540 Mandamus & Other <br> [ ] 550 Civil Rights <br> [ ] 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Product Liability Action. Jurisdiction is proper pursuant to 28 USC 1332(a)

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
- [ ] UNDER F.R.C.P. 23

**DEMAND $** More than $75,000.00

CHECK YES only if demanded in complaint
**JURY DEMAND:** [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE 10-13-04   SIGNATURE OF ATTORNEY OF RECORD _____