**E-FILED**
Monday, 29 November, 2004  11:37:41 AM
Clerk, U.S. District Court, ILCD

## BEFORE THE JUDICIAL PANEL
## ON MULTIDISTRICT LITIGATION

---------------------------------------------------------------X
        :
In re Ephedra Product Liability Litigation    :        MDL No. 1598
        :
---------------------------------------------------------------:X

**FILED**

NOV 2 9 2004

JOHN M. WAILERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA

### NOTICE OF TAG-ALONG ACTIONS AND PREVIOUSLY
### IDENTIFIED ACTIONS NOT YET TRANSFERRED

## I.    TAG-ALONG ACTIONS

NVE, Inc., by its attorneys, Murnane, Conlin, White & Brandt, P.A., pursuant to J.P.M.L., Rules 7.2(i) and 7.5(e), hereby notifies the Clerk of the Panel of the following "tag-along actions" in which it is also named.  The following cases were not previously identified or Order Transferred:

Southern District of Alabama, Mobile

    1.    *Kimberly Inez Henderson v. N.V.E. Pharmaceuticals, Inc.*
           Case No. 1:04-CV-00693-P-L

Central District of Illinois

    2.    *James Ressel v. N.V. E., Inc.*
           Case No. 04-2223

District of Kansas

    3.    *Bonnie L. Jackley v. N.V.E., Inc., et al*
           Case No. 04-2279-KHV-DJW

Southern District of Mississippi, Southern Division

    4.    *Shannon Busby v. N.V.E., et al*
           Case No. 04-CV-754

Southern District of Mississippi, Western Division

    5.    *Elizabeth Gary v. N.V.E., Inc., et al*
           Case No. 04-CV-277

Southern District of Mississippi, Western Division

    6.    *Robert Rankin v. N.V.E., Inc., et al*
           Case No. 04-CV-258

## II.    CASES PREVIOUSLY IDENTIFIED, BUT NOT YET TRANSFERRED

The following case was previously identified by NVE, Inc. in its Schedule A and

Amended Schedule A. However, to date, this case has not been ordered transferred to

the Southern District of New York:

Southern District of New York

    1.    *Lee Silverman and Roberta Silverman v. N.V., Inc., d/b/a NVE*
           *Pharmaceuticals, Inc.*
           Case No. 04-CV001030

The following case was previously transferred to MDL Docket No. 1407. The

case has been transferred back to the Western District of Louisiana, Schreveport

    3.    *In Re: Phenylpropanolamine (PPA) Productions Liability Litigation, Albert*
           *Macon, et al. v. Bayer Corporation, et al*
           Case No. 5:01-CV-02437-DEW-RSP

Dated this 24th day of November, 2004.

           MURNANE, CONLIN, WHITE & BRANDT, P.A.

           Steven J. Kirsch, MN I.D. #56121
           Attorneys for NVE, Inc.
           Suite 1800 - 444 Cedar Street
           St. Paul, Minnesota 55101
           651-227-9411
           651-223-5199 (Fax)

Doc. Num.  630266

# BEFORE THE JUDICIAL PANEL
# ON MULTI DISTRICT LITIGATION

In Re:                                    :          MDL DOCKET NO.  1598
                                          :
Ephedra Products Liability Litigation :
                                          :

## DEFENDANT  NVE, INC.'S
## PROOF OF SERVICE

I, Mary J. Buse, certify that on this 24th day of November, 2004, a true and correct copy of the foregoing, Notice of Tag-Along Actions, was sent via ordinary first class mail to the following:

| | |
|---|---|
| Avery, Daniel P.<br>Porterfield, Harper, Mills & Motlow, P.A.<br>22 Iverness Center Parkway, Suite 600<br>P.O. Box 530790<br>Birmingham, AL 35253-0790 | N.V.E. Pharmaceuticals |
| Bey, Sheryl M.<br>Baker, Donelson, Bearman, Caldwell & Berkowitz, PC<br>P.O. Box 14167<br>Jackson, MS 39236-4167 | Metabolife International, Inc., PDK Labs, Inc., Body Dynamics, Inc., dba BDI Pharmaceuticals and BDI Marketing |
| Blanchard, Charles P.<br>Olinde, John F.<br>Meyer, Mary L.<br>Chaffe, McCall<br>1100 Poydras Street, Suite 2300<br>New Orleans, LA 70163-2300 | Bayer Corp. |
| Bohrer, Philip<br>8712 Jefferson Highway, Suite B<br>Baton Rouge, LA 70809 | Macon, Albert H. and Macon, Willie |
| Borden, Jena L.<br>Simmons Cooper, LLC<br>707 Birkshire Boulevard<br>PO Box 521<br>East Alton, IL 62024 | Ressel, James |

| | |
|---|---|
| Cartnell, Thomas P.<br>Kuntz, Jeffrey M.<br>Preuss, Thomas J.<br>Wagstaff & Cartnell, LLP<br>4740 Grand Avenue<br>Suite 300<br>Kansas City, MO 64112 | Jackley, Bonnie L., individually and as Personal Representative of the Estate of James Jackley, Deceased |
| Chionuma, Chuck<br>1102 Grand Avenue<br>Suite 1100<br>Kansas City, MO 64106 | N.V.E., Inc., d/b/a N.V.E. Pharmaceuticals, Inc. and Eckerd Corporation |
| Colmer, Jimmy<br>Colingo, Williams, Heidelberg, Steinberger & McElhaney<br>711 Delmas Avenue<br>PO Box 1407<br>Pascagoula, MS 39568-1407 | N.V.E. Pharmaceuticals |
| Duckworth, Kevin B.<br>Jenner & Block, LLP<br>1 IBM Plaza<br>330 North Wabasha Avenue<br>Chicago, IL 60611 | N.V.E., Inc. |
| Evans George Q.<br>McLean, Kenneth D.<br>Wise, Carter, Child & Caraway<br>PO Box 651<br>Jackson, MS 39205-0651 | General Nutrition Corporation, Individually and n/k/a GN Oldco Corporation.<br>General Nutrition Center, Incorporated<br>Muscletech R&D, Inc. |
| Feldman, Larry, Jr.<br>Weiss, Jeffrey W.<br>Hornsby, Mark L.<br>Wiener, Weiss & Madison<br>PO Box 21990<br>Shreveport, LA 71120-1990 | N.V.E. Pharmaceuticals, Inc. |
| Harrison, Newt P.<br>2076 London Avenue<br>Jackson, MS 39211 | General Nutrition Corporation |

| | |
|---|---|
| Kuhlman, Brad<br>Evans, Mark<br>Evans & Kuhlman, LLC<br>105 East Fifth Street<br>Suite 102<br>Kansas City, MO 64106 | Bonnie L. Jackley, individually and as Personal Representative of the Estate of James Jackley, Deceased |
| McKernan, Gordon J.<br>8710 Jefferson Highway<br>Baton Rouge, LA 70809 | Macon, Albert H. and Macon, Willie |
| Millrood, Tobias L.<br>Johnson, Scott K.<br>Schiffrin & Barroway, LLP<br>3 Bala Plaza, Suite 400<br>Bala Cynwyd, PA 19004 | Silverman, Lee and Robert |
| Samaro, Samuel J.<br>Pashman & Stein, P.C.<br>21 Main Street<br>Hackensack, NJ 07601 | N.V.E. Pharmaceuticals, Inc. |
| Seeger, Christopher A.<br>Buchanan, David R.<br>Murray, Christopher J.<br>Parkas, Michael S.<br>Seeger, Weiss, LLP<br>550 Broad Street<br>Newark, NJ 07102-4753 | Silverman, Lee and Roberta |
| Swartzfager, Helen<br>Pritchard Law Firm<br>P.O. Drawer 1707<br>Pascagoula, MS 39568-1707 | Gary, Elizabeth; Rankin, Robert |
| Tipler, Steven D.<br>Suite 800<br>Farley Building<br>1929 Third Avenue North<br>Birmingham, AL 35203 | Henderson, Kimberly Inez |

3

| | |
|---|---|
| Washington, Mickey L.<br>R.G. Taylor, II., P.C. & Associates<br>One Allen Center, Suite 3400<br>500 Dallas Street<br>Houston, TX 77002 | Busby, Shannon; Gary, Elizabeth; Rankin, Robert |
| Whitehead, Emilie Fischer<br>Peresich, Ronald G.<br>Page, Mannino, Peresich & McDermott<br>P.O. Drawer 289<br>Biloxi, MS 39533-0289 | Rexall Sundown, Inc., Individually and n/k/a R.S. Oldco, Inc., Richardson Labs, Inc., RL Oldco, Inc., RS Oldco, Inc., f/k/a Rexall Sundown, Inc., Wal-Mart Stores, Inc., General Nutrition Corporation dba GN Oldco Corporation, AJ's Quick Stop, Keith's Superstore |
| Clerk of the Court<br>United States District Court<br>Southern District of Mississippi<br>245 East Capitol Street, Suite 316<br>Jackson, MS 39201 | |
| Clerk of the Court<br>United States District Court<br>Southern District of Mississippi<br>Natchez Office<br>PO Drawer 928<br>Natchez, MS 39121 | |
| Clerk of the Court<br>United States District Court<br>Southern District of Alabama<br>113 St. Joseph Street<br>Mobile, AL 36602 | |
| Clerk of the Court<br>United States District Court<br>218 U.S. Courthouse<br>201 South Vine Street<br>Urbana, IL 61802 | |
| Clerk of the Court<br>United States District Court<br>Southern District of New York<br>500 Pearl Street<br>New York, NY 10007-1312 | |

4

| | |
|---|---|
| Clerk of the Court<br>United States District Court<br>Western District of Louisiana<br>300 Fannin Street, Suite 1167<br>Shreveport, LA 71101-3083 | |
| Clerk of the Court<br>United States District Court<br>District of Kansas<br>249 Robert J. Dole Courthouse<br>500 State Avenue<br>Kansas City, KS 66101-2480 | |

Mary J. Buse

Subscribed and sworn to before
me this 24th day of November, 2004.

Notary Public

CYNTHIA G. ELIAS
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

5

○                                         ○

AD 440 (Rev. 1/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____Central_____ District of _____Illinois_____

James Ressel

**v.**                                    **SUMMONS IN A CIVIL ACTION**

N.V.E., Inc., d/b/a NVE Pharmaceuticals, Inc.

CASE NUMBER: **04-2223**

TO: (Name and address of Defendant)

N.V.E., Inc., d/b/a NVE Pharmaceuticals, Inc.
c/o Robert Occhifinto
33-08 Newton-Sparta Road
Newton, NJ 07860

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

Virginia L. Borden
SimmonsCooper, LLC
707 Berkshire Blvd., P.O. Box 521
East Alton, IL 62024

an answer to the complaint which is served on you with this summons, within _____Twenty (20)_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

CLERK

(By) DEPUTY CLERK

_____10/14/04_____
DATE

NOV 08 2004
NVE

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

JAMES RESSEL,                )
                             )
        Plaintiff,           )
                             )
vs.                          )       Case No. 04-2223
                             )
N.V.E., INC., d/b/a          )       **JURY TRIAL DEMANDED**
NVE PHARMACEUTICALS, INC.,   )
                             )       **FILED**
        Defendant.           )

## COMPLAINT

OCT 14 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

COMES NOW, JAMES RESSEL, ("Plaintiff"), complaining of N.V.E., Inc., d/b/a NVE Pharmaceuticals, Inc., ("Defendant NVE") and for his cause of action against the Defendant states as follows:

### I. PARTIES

1.      Plaintiff, James Ressel, is, at all times relevant to this Complaint, a resident of Champaign, Illinois, Champaign County, State of Illinois.

2.      Defendant, N.V.E., Inc., d/b/a NVE Pharmaceuticals, Inc. at all times relevant to this action, was and is a corporation or other business entity organized and existing under the laws of the State of New Jersey. It has done and is doing business in the State of Illinois. Its principal place of business is located at 33 Newton-Sparta Road, Newton, New Jersey 07860.

### II. VENUE AND JURISDICTION

3.      Venue is proper in the United States District Court for the Central District of Illinois in that Plaintiff is a resident of Champaign, Illinois.

RECEIVED

NOV 08 2004
NVE
LEGAL

Page 1 of 12

4.    Defendant NVE is a company incorporated in the State of New Jersey with its principal place of business located in Newton, New Jersey.

5.    Under 28 USC 1332, this Court has jurisdiction over this matter in that there is diversity of citizenship and Plaintiff's damages exceed the jurisdictional amount required.

6.    Any and all conditions precedent to the filing of this suit have been satisfied.

## III. FACTUAL BACKGROUND

7.    After ingesting Defendant NVE's product, Stacker 3, on or about October 16, 2002, Plaintiff, James Ressel, suffered a grand mal seizure lasting two to five minutes. Plaintiff had been taking Stacker 3 as directed on a daily basis since on or about August, 2002.

8.    Stacker 3 had been designed, manufactured, marketed and distributed by Defendant as an "herbal dietary supplement."

9.    Defendant NVE purposefully downplayed and understated the health hazards and risks associated with Stacker 3. In fact, through promotional literature and even testimonials from users of Stacker 3, Defendant NVE encouraged the belief that there were no serious side effects, complications and/or health hazards or risks, and that the product was safe for human consumption.

10.    Much of the truth is now known about Stacker 3 and that truth is consumption of the product involves serious risks. Stacker 3 can raise the blood pressure, increase the heart rate, and can cause seizures, strokes, brain injury,

7-947    P-065/016    F-912

OCT-13-2004 03:08PM    FROM-

heart failure and sudden death. Defendant NVE did not adequately test for these potential adverse effects before promoting Stacker 3 for widespread use, but learned of these potential adverse effects before Plaintiff took Stacker 3. Instead of pulling Stacker 3 from the market, Defendant NVE kept selling the product and allowed Plaintiff to take Stacker 3 and suffer a grand mal seizure.

    11.    Because of the irreversible and life-threatening side effects caused by ephedra-containing products such as Stacker 3, the federal government was prompted to hold hearings on the subject. As a result of those hearings, the FDA banned the use of ephedra in the manufacture of any dietary supplement products.

## IV. CAUSES OF ACTION

## COUNT 1. STRICT PRODUCTS LIABILITY – DESIGN DEFECT

    12.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

    a.    Stacker 3 is a product designed, formulated, manufactured, marketed, distributed, promoted, advertised, packaged, sold and/or supplied by this Defendant that was placed into the stream of commerce by this Defendant in a condition that was defective and unreasonably dangerous as designed taking into consideration the utility of the product and the risks involved in its use.

    b.    Stacker 3 was unsafe for its intended and/or reasonably foreseeable purposes and uses at the time it was distributed, sold or supplied by Defendant because the known side effects and

adverse consequences outweighed the benefits of the product, if any. Those side effects and adverse consequences include the injuries suffered by the Plaintiff.

c. Stacker 3 was defective because, for example, it combined ephedra extract and kola nut extract. Stacker 3 left Defendant's hands in this defective condition; and Stacker 3 reached Plaintiff in the same condition.

d. The defective condition of Stacker 3 was a direct and producing cause of the injuries sustained by Plaintiff.

### COUNT 2. STRICT PRODUCTS LIABILITY - MARKETING DEFECT

13. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follows:

a. The product was defective at the time it was placed into the stream of commerce due to a marketing defect. In the absence of adequate warnings and instructions, Stacker 3 posed unacceptable risks to Plaintiff that were unknown and unknowable to him.

b. Stacker 3 was defective in marketing due to inadequate, false, misleading and inaccurate precautions, warnings, instructions, and/or labeling.

c. The product was not accompanied by timely, accurate, adequate, necessary, required truthful and proper warnings, precautions, instructions and labeling regarding permanent irreversible injury associated with the use of the product and the complications,

consequences, severity, duration and potential for fatal effects of such injuries. Defendant's failure to provide adequate instructions and warnings in a sufficient manner rendered the Stacker 3 product dangerous to an extent beyond that which would be contemplated by the ordinary consumer.

d.    Instead, the detail pieces, package insert, instructions or label accompanying the product minimized and trivialized and, in fact, misled consumers regarding adverse effects associated with the product; the potential frequency, severity, and irreversibility of the harm from use of the product, and the potentially fatal consequences of taking the product.

e.    Defendant NVE failed to provide the FDA and various state agencies including the Illinois Department of Health with all the necessary and available information on the product, its contents and reports of Adverse Events in consumers. Defendant purposefully withheld information necessary to determine the adequacy of the label and the safety and efficacy of the product.

f.    Defendant NVE implemented labeling on the Stacker 3 packaging that misrepresented the efficacy and benefits of Stacker 3 to Plaintiff.

g.    The labeling rendered the product defective in that it failed to give adequate warnings and instructions in a manner and form (1) that could reasonably be expected to catch the attention of a reasonably

Page 5 of 12

prudent person in the circumstances that the product was used; (2) that were comprehensible to the average user; and (3) that conveyed a fair indication of the nature, frequency, severity and extent of the danger.

h. The product was defective because the foreseeable and known risks exceeded the benefits claimed, suggested or truly associated with the design and formulation. Moreover, the product was more dangerous than an ordinary consumer would expect and far more dangerous than other means of weight control.

i. There were numerous other reliable and effective methods of controlling weight that posed less risk.

### COUNT 3. BREACH OF WARRANTY

14. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth here and further alleges as follow:

a. Defendant expressly and impliedly warranted that Stacker 3 was safe for its intended purpose.

b. Defendant expressly and impliedly warranted that Stacker 3 was an all-natural product.

c. Defendant expressly and impliedly warranted that Stacker 3 would provide energy.

d. Defendant expressly and impliedly warranted that Stacker 3 was clinically proven safe.

Page 6 of 12

e.   Defendant expressly and impliedly warranted that Stacker 3 was laboratory tested for safety.

f.   Defendant expressly and impliedly warranted that Stacker 3 would enhance your diet.

g.   Defendant expressly and impliedly warranted that Stacker 3 would increase your metabolism.

h.   Defendant expressly and impliedly warranted that Stacker 3 had no side effects.

i.   Defendant expressly and impliedly warranted that Stacker 3 would help consumers lose weight.

j.   Stacker 3 did not conform to the representations made by Defendant.

k.   At the time Defendant marketed, sold and distributed Stacker 3 for use by Plaintiff, Defendant knew of the use for which the product was intended and expressly and impliedly warranted the product to be of merchantable quality and safe and fit for such use.

l.   Plaintiff relied upon the skill and judgment of the Defendant as to whether Stacker 3 was of merchantable quality and safe and fit for its intended sale.

m.   Contrary to such warranties, Stacker 3 is not of merchantable quality or safe or fit for its intended use, because the product was and is unreasonably dangerous and unfit for the ordinary purposes for which it was used as described above.

n.    As a direct and proximate result of the breach of Defendant's
      express and implied warranties regarding the properties and quality
      of Stacker 3, Plaintiff suffered personal injury as described above.

### COUNT 4. NEGLIGENCE

15.    Plaintiff incorporates by reference all preceding paragraphs as if
fully set forth here and further alleges as follows:

a.    Defendant has a duty to exercise reasonable care in design,
      manufacture, sale or distribution of Stacker 3 into the stream of
      commerce, including a duty to assure that Stacker 3 did not cause
      users to suffer from unreasonable, dangerous side effects.  This
      Defendant has failed to exercise ordinary care in the manufacture,
      sale, testing, quality assurance, quality control or distribution of
      Stacker 3 into interstate commerce in that this Defendant knew or
      should have known that Stacker 3 created a high risk of
      unreasonable, dangerous side effects, some of which are fatal.

b.    Defendant was negligent in the design, manufacture, marketing,
      testing, and sale of Stacker 3, in that it:

      i.    Failed to use due care in designing, manufacturing and
            marketing Stacker 3;

      ii.   Failed to conduct adequate testing and post-marketing
            surveillance to determine the safety of Stacker 3;

      iii.  Failed to provide adequate training to distributors for
            appropriate use of Stacker 3;

       iv.     Failed to adequately warn individuals of the potential
dangerous side effects of Stacker 3;

       v.     in such other and further particulars as will be proven at trial.

c.     Despite the fact that Defendant knew or should have known that
Stacker 3 caused unreasonable, dangerous side effects which
many users would be unable to remedy by any means, Defendant
continued to market Stacker 3 to consumers, including Plaintiff, and
all others similarly situated, when there were safer alternative
methods of weight loss.

d.     Defendant's failure to adhere to the appropriate standard of care
was a direct and proximate cause of the injuries sustained by the
Plaintiff.

### COUNT 5. DECEIT AND FRAUD

16.    Plaintiff incorporates by reference all preceding paragraphs as if
fully set forth herein and further alleges as follows:

17.    Defendant made material misrepresentations about Stacker 3 to
the general public, potential users, and Plaintiff. The label claimed that Stacker 3
was an "Herbal Dietary Supplement" and a "Metabolizing Fat Burner".

18.    Defendant also committed fraud through its omission of material
facts. Defendant failed to provide anything on its labeling warning consumers
that consumption of its product had the potential to cause stroke, heart attack,
seizures and sudden death, even when used as directed. Defendant, as the
designer, manufacturer, marketer, and seller of Stacker 3, had the duty to

disclose the potential for these adverse advents to the consumer. The Stacker 3 labeling failed to inform the consumer that the combination of ephedra and caffeine contained in the product increased the heart rate in all human adults and had effects on the body similar to methamphetamines. Especially since the product was not tested and regulated by the FDA, Defendant, as the designer, manufacturer, marketer, and seller of Stacker 3, had the duty to reveal this information so that consumers could make an informed decision regarding their consumption of the product.

19.   At the time the representations were made, they were false and Defendant knew they were false.

20.   Defendant intended for Plaintiff to rely upon the representations of safety and omissions of information that contradicted its safety in order to induce Plaintiff to buy and consume Stacker 3.

21.   Plaintiff reasonably relied upon such representations in deciding to use Stacker 3 and, but for such representations of safety, he would not have used Stacker 3.

22.   As a result of his reliance on Defendant's representations and omissions, Plaintiff suffered a grand mal seizure. Had the representations of safety been made to Plaintiff and had the omitted facts been revealed to Plaintiff, he would not have taken the Stacker 3 product.

716-4   810/210'd   242-1                                          -MON4   MA11:20  P002-81-120

## V. DAMAGES

### COUNT 1. COMPENSATORY DAMAGES

23.    As a direct and proximate result of the negligence of Defendant, Plaintiff has suffered physical pain and suffering, mental anguish, disability, and physical impairment. In all reasonable probability, Plaintiff will continue to suffer the same in the future. Plaintiff has incurred reasonable and necessary medical bills because of his injuries, and in all reasonable medical probability, he will continue to require medical care, and will continue to incur medical expenses, nursing care, physician fees, medical supplies, hospitalization costs, rehabilitation costs, surgical costs, and medicine, among others. Plaintiff has suffered a loss of earning capacity in the past, and in all reasonable likelihood, will continue to suffer that in the future. Plaintiff hereby brings suit to recover all damages recognized under federal law for the Defendant's negligence.

24.    The Plaintiff believes that fair compensation for his injuries would be in excess of the jurisdictional limits of the court.

### COUNT 2. EXEMPLARY AND ADDITIONAL DAMAGES

25.    The acts, omissions, breaches of warranty, or distribution/marketing of defective products, as set forth above, were committed by Defendant with a mental state constituting "malice". Such gross negligence and malice was authorized by such Defendant; ratified by such Defendant; committed by a managerial agent of such Defendant; committed by an unfit employee of such Defendant whom such Defendant was reckless in employing; and/or committed in the performance of Defendant's non-delegable duties. Such malice warrants

the imposition of exemplary damages and was the proximate and producing cause of injury to Plaintiff.

26.    Plaintiff seeks exemplary damages in such an amount as may be found to be proper under the facts and circumstances.

## VI. RELIEF REQUESTED

27.    Plaintiff prays that judgment be entered against Defendant for a sum in excess of $75,000 which will fairly and reasonably compensate him for the injuries and for such further relief as this Court deems proper.

> Respectfully submitted,
> SIMMONSCOOPER, LLC
>
> Jena L. Borden, IL Bar #6274601
> 707 Berkshire Blvd., P.O. Box 521
> East Alton, IL 62024
> Tel. (618) 259-2222
> Fax (618) 259-2251
> Email: jborden@simmonscooper.com
> ATTORNEYS FOR THE PLAINTIFF

NOV 0 8 2004
NVE

T-247   P.018/019   F-812                                   FROM   03:12PM   OCT-18-2004

# MURNANE CONLIN WHITE $\&$ BRANDT

*Professional Association*

**ATTORNEYS AT LAW**

Robert W. Murnane
John E. Brandt*
Steven J. Kirsch
Andrew T. Shern
Michael S. Ryan*
C. Todd Koebele
Michael P. Tierney
Daniel A. Haws*
William L. Moran
Thomas A. Gilligan, Jr.*
Thomas J. Norby
Peter B. Tiede*
Stacy Ertz*
Michelle D. Christensen**
Anissa M. Mediger***
Cheryl L. Hanson*
Ricardo Figueroa
Edward E. Beckmann*
Stephen W. Hance
Kathryn R. Downey
Timothy J. Peters
Kelly S. Hadac
Christopher G. Angell
Anthony T. Smith
Debra A. Filteau

*Also admitted in Wisconsin
**Also admitted in Missouri
***Also admitted in Nevada

OF COUNSEL
Thomas M. Conlin*
Daniel J. Young

**St. Paul Office**
444 Cedar Street, Suite 1800
Saint Paul, MN 55101
Phone: 651.227.9411
Fax: 651.223.5199

**Wisconsin Office**
539 South Knowles Avenue
New Richmond, WI 54017
Phone: 715.246.3910

www.murnane.com

November 24, 2004                                        *Reply to St. Paul*

MS. TERESA BISHOP
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION
THURGOOD MARSHALL FEDERAL JUDICIARY BLDG
ONE COLUMBUS CIRCLE NE
ROOM G255 - NORTH LOBBY
WASHINGTON DC 20002-8004

**FILED**

NOV 29 2004

JOHN M. WATERS, Clerk
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

Re:    MDL - 1598 In re Ephedra Products Liability Litigation
       Our File No.:  52200

Dear Ms. Bishop:

Enclosed please find the Notice of Tag-Along Actions and Previously Identified Actions Not Yet Transferred. We have also enclosed a copy of the Complaints from these actions.

By copy of this letter, we are serving all counsel of record with the Notice of Tag-Along Actions and Previously Identified Actions Not Yet Transferred.

Very truly yours,

Steven J. Kirsch
skirsch@murnane.com

SJK/MJB/dme/630515.1

Enclosure

cc:    All Counsel of Record

*Established 1940*