IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| JAMES RESSEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 04 C 2223 |
| | ) | |
| N.V.E., INC., d/b/a | ) | Judge Harold A. Baker |
| NVE PHARMACEUTICALS, | ) | |
| | ) | Magistrate David G. Bernthal |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**

NOW COMES the Defendant, NVE, INC. d/b/a NVE PHARMACEUTICALS ("NVE"), by and through its attorneys, JENNER & BLOCK LLP, and as its Answer to Plaintiff's Complaint, states as follows:

**I. PARTIES**

1. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 1 of Plaintiff's Complaint, therefore, Defendant neither admits nor denies said allegations but demands strict proof thereof.

2. In answering the allegations contained in paragraph 2 of Plaintiff's Complaint, Defendant admits it is a New Jersey Corporation, but states its principal place of business is currently at 15 Whitehall Road, Andover, New Jersey 07821. Defendant admits it does business in the State of Illinois.

2

## II.  VENUE AND JURISDICTION

3. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3 of Plaintiff's Complaint, therefore, Defendant neither admits nor denies said allegations but demands strict proof thereof.

4. In answering the allegations contained in paragraph 4 of Plaintiff's Complaint, Defendant admits it is incorporated in the State of New Jersey, but states its principal place of business has moved to 15 Whitehall Road, Andover, New Jersey 07821.

5. Defendant NVE admits the jurisdiction of this court pursuant to 28 U.S.C. § 1334.

6. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of Plaintiff's Complaint, therefore, Defendant neither admits nor denies said allegations but demands strict proof thereof.

## III.  FACTUAL BACKGROUND

7. Defendant is without knowledge or information sufficient to form a belief as to whether Plaintiff ingested NVE's product, and if so, how often the product was ingested or the manner of any such ingestion.  Defendant is without information and knowledge sufficient to form a belief as to the allegation that plaintiff suffered a seizure on October 16, 2002, but denies any allegation that plaintiff's medical condition was caused by Stacker 3.

8. Defendant admits it designed, manufactured, marketed and distributed Stacker 3 as a dietary supplement.

9. In answering the allegations contained in paragraph 9 of Plaintiff's Complaint, Defendant denies any of its products are unsafe if used as directed, and specifically denies that it omitted or misrepresented material facts regarding its products.

10. In answering the allegations of paragraph 10, Defendant states it is without knowledge or information sufficient to form a belief as to the truthfulness of allegations that Plaintiff suffered a seizure, however Defendant denies any implication that Plaintiff's medical condition resulted from use or ingestion of Stacker 3. The remainder of paragraph 10 contains narrative statements that do not appear to require a response. These allegations constitute a non-scientific, incomplete, and therefore inaccurate summary. However, in the event a response is required, defendant denies any of its products are unsafe if used as directed

11. Paragraph 11 of Plaintiff's Complaint contains narrative statements that do not appear to require a response. The allegations in paragraph 11 constitute a non-scientific, incomplete, and therefore inaccurate summary. To the extent paragraph 11 references actions by the Food and Drug Administration, such actions speak for themselves. However, in the event a response is required, defendant denies any of its products are unsafe if used as directed.

## COUNT 1

12. Defendant incorporates by reference all preceding paragraphs as if fully set forth here. Defendant admits it designed, formulated, manufactured, marketed, distributed, promoted, advertised, packaged, sold, and/or supplied Stacker 3. Defendant denies all remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

## COUNT 2

13. Defendant incorporates by reference all preceding paragraphs as if fully set forth here. In answering the allegations of paragraph 13, Defendant states it has no obligation under DSHEA to compile or maintain adverse event reports. Defendant denies all remaining allegations contained in paragraph 13 of Plaintiff's Complaint.

## COUNT 3

14. Defendant incorporates by reference all preceding paragraphs as if fully set forth here. Defendant admits representations about Stacker 3 were made on the label apparently in Plaintiff's possession, but denies it breached any warranty. Defendant has no knowledge or information regarding the truthfulness of allegations that Plaintiff relied upon any particular representations. Defendant denies all remaining allegations contained in paragraph 14 of Plaintiff's Complaint.

## COUNT 4

15. Defendant incorporates by reference all preceding paragraphs as if fully set forth here. To the extent paragraph 15 contains allegations regarding legal duties, Defendant states the applicable legal duties are set forth under the jurisprudence of the appropriate jurisdiction. Defendant denies all remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

## COUNT 5

16. Defendant incorporates by reference all preceding paragraphs as if fully set forth herein.

17. In answering the allegations contained in paragraph 17 of Plaintiff's Complaint, Defendant admits representations about Stacker 3 were made on the label, but denies any material misrepresentations were made.

18. In answering the allegations contained in paragraph 18 of Plaintiff's Complaint, Defendant states the allegations are non-scientific, incomplete, and inaccurate. Defendant denies any of its products are unsafe if used as directed, and specifically denies that it omitted material facts regarding its products, or that it breached any applicable legal duties. Defendant denies all remaining allegations of paragraph 18.

19. Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. In answering the allegations of paragraph 21, Defendant states it is without knowledge or information sufficient to form a belief as to the truthfulness of assertions concerning Plaintiff's use of Stacker 3, or his state of mind in doing so. Defendant therefore neither admits nor denies said allegations but demands strict proof thereof. Defendant denies it failed to disclose material facts concerning health risks associated with Stacker 3 or that any of its products are unsafe if used as directed.

22. In answering the allegations of paragraph 22, Defendant states it is without knowledge or information sufficient to form a belief as to the truthfulness of assertions that Plaintiff suffered a seizure, however Defendant denies that any alleged seizure resulted from use or ingestion of Stacker 3, and denies all remaining allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendant is not required to respond to paragraph 24 of Plaintiff's Complaint as it is narrative. However, if a response is required, Defendant states it is without knowledge or information sufficient to form a belief regarding the truthfulness of the allegation that Plaintiff believes " fair compensation" for his alleged injuries would be in excess of the jurisdictional limits of the court.

CHICAGO_1184467_1

25.     Defendant denies the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant is not required to respond to paragraph 26 of Plaintiff's Complaint as it is narrative.  However, if a response is required, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the extent of damages Plaintiff seeks.  Therefore, Defendant neither admits nor denies said allegations but demands strict proof thereof.

27.     Defendant is not required to respond to paragraph 27 of Plaintiff's Complaint as it is narrative.  However, if a response is required, Defendant states it is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding the extent of damages Plaintiff seeks.  Therefore, Defendant neither admits nor denies said allegations but demands strict proof thereof.

## **AFFIRMATIVE DEFENSES**

1.     The injuries and damages complained of were the proximate result of the negligence of parties, persons or business entities over whom this defendant had no control and for which it cannot be liable.

2.     The product at issue was not dangerous nor was it unreasonably dangerous for its normal and foreseeable use.

3.     Plaintiff was guilty of negligence which bars or, in the alternative, reduces any liability of this defendant.

4.     The incident and injuries complained of were caused by abnormal, unintended, unforeseeable and improper use of the product in question or its component parts.

CHICAGO_1184467_1

5. The design and manufacture of any product proved to have been manufactured by this defendant met or exceeded the state-of-the-art standards at the time of manufacture.

6. Defendant's product contained adequate warnings and instructions.

7. The assertions and allegations of the Complaint and its individual counts fail to set forth a cause of action upon which relief can be granted against this defendant.

8. The claims asserted against this defendant have no basis in fact or law.

9. The claims of the Complaint are barred by the Statute of Limitations.

10. Defendant denies that its conduct or actions constituted willful, wanton, reckless or malicious conduct or an intentional disregard or indifference to the consequences.

11. An award of punitive or exemplary damages would be a violation of this defendant's rights under the Constitutions of the United States and in violation of the Due Process, Contract and Excessive Fines Clauses of the United States Constitution.

12. Plaintiff's cause of action is barred in whole or in part by the doctrines of laches, waiver and estoppel.

13. Plaintiff's alleged damages were the result of an idiosyncratic reaction and/or hypersensitivity that defendants could not reasonably foresee.

14. The product that left the possession of Defendant NVE was reasonably fit and safe for the purposes for which it was intended, was not defective, and no danger existed in using said product in the manner or for the purposes for which it was designed and intended to be used. Furthermore, when the product left the possession of Defendant NVE it was merchantable and reasonably fit and safe for the purpose for which it was designed, manufactured and intended.

15. Some or all of plaintiff's claims are preempted pursuant to the Supremacy Clause of the United States Constitution and by federal law including but not limited to the Dietary Supplement and Education Act of 1994, Pub. L. 103-417, 108 Stat. 4325 and related regulations.

WHEREFORE, the Defendant, NVE, INC., d/b/a NVE PHARMACEUTICALS, prays this Honorable Court dismisses Plaintiff's Complaint and the relief sought in paragraphs 23 through 27 of Plaintiff's V. Damages, find in favor of the Defendants, and any other relief this Court deems just.

Dated:  November 29, 2004                                  Respectfully submitted,


By:  s/_____Kevin B. Duckworth
    One of Defendant's Attorneys

Kevin B. Duckworth, ARDC #6191668
JENNER & BLOCK LLP
One IBM Plaza
Chicago, IL 60611
(312) 923-8383
(312) 923-8483 (fax)
kduckworth@jenner.com